**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 1 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRANDON ELIAS PEREZ-CARDONA, Petitioner, v. MERRICK B. GARLAND, Attorney General, Respondent. | No. 18-72094 Agency No. A208-980-094 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 1, 2023[**]
San Francisco, California

Before: FRIEDLAND, BADE, and KOH, Circuit Judges.

Brandon Elias Perez-Cardona, a native and citizen of Guatemala, petitions

for review of a decision of the Board of Immigration Appeals ("BIA") upholding

the Immigration Judge's ("IJ") denial of his claims for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). We have

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. Substantial evidence supports the agency's determination that Petitioner failed to demonstrate a nexus between the harm he experienced or fears in Guatemala and a protected ground. Although Petitioner provided evidence that he was beat up by gang members on two occasions, he offered no evidence that those attacks were related to a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (holding that an applicant's "desire to be free from . . . random violence by gang members bears no nexus to a protected ground"). We therefore deny the petition as to the asylum and withholding claims. *See Garcia v. Wilkinson*, 988 F.3d 1136, 1143 (9th Cir. 2021) (recognizing that an applicant for asylum "must demonstrate a nexus between her past or feared harm and a protected ground"); *Vasquez-Rodriguez v. Garland*, 7 F.4th 888, 892 (9th Cir. 2021) ("To qualify for withholding of removal, an applicant must show that 'it is more likely than not that' he would be persecuted because of a protected ground." (quoting *INS v. Stevic*, 467 U.S. 407, 424 (1984)).

2. Regarding Petitioner's application for relief under the CAT, substantial evidence also supports the IJ's conclusion, adopted by the BIA, that Petitioner failed to show that it is more likely than not that he would be tortured by or with the acquiescence of a public official if returned to Guatemala. *See Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020).

**PETITION DENIED.**